IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY DOYLE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-20-3633 |
| | § | |
| NATIONSTAR MORTGAGE, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a dispute over an allegedly delinquent home mortgage loan and the attempt by the borrowers, Kelly Doyle and Walter Doyle, to delay or prevent foreclosure. The Doyles allege that the note servicer, Nationstar Mortgage LLC, has been improperly withholding amounts from their loan payments for property taxes and insurance that were not escrowed, improperly crediting their payments, and improperly threatening foreclosure. The Doyles' original complaint asserted claims for breach of contract and for violations of the Texas Debt Collection Act, the Real Estate Settlement Procedures Act (RESPA), and the Texas Deceptive Trade Practices Act. Nationstar moved to dismiss. (Docket Entry No. 2). In December 2020, the court dismissed the Texas Deceptive Trade Practices Act claim with prejudice and the breach of contract, the Texas Debt Collection Act, and RESPA claims without prejudice. (Docket Entry No. 6). The Doyles filed an amended complaint, (Docket Entry No. 7), reasserting the breach of contract, Debt Collection Act, and RESPA claims, and Nationstar moved to dismiss the amended complaint. (Docket Entry No. 10). At a February 2021 scheduling conference, the Doyles sought and were granted leave to

1

amend their complaint a second time. (Docket Entry Nos. 13, 12-1).[1] Nationstar again moved to dismiss, the Doyles responded, and Nationstar replied. (Docket Entry Nos. 15, 21, 22). Based on the amended complaint; the motion, response, and reply; and the applicable law, the court grants in part and denies in part the motion to dismiss. The reasons are explained below.

## I.    The Legal Standard for a Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*,

---

[1] The Doyles appear to dispute whether the amended complaint that the Doyles sought and were granted leave to file is a "live pleading." (Docket Entry No. 21 at 2). The court considers the second amended complaint filed, (Docket Entry No. 12-1), for the purpose of this motion.

556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'"  *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201."  *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).  When other "matters outside the pleadings" are submitted in support of or in opposition to a Rule 12(b)(6) motion to dismiss, Rule 12(b) grants courts discretion to accept and consider those materials.  *See, e.g., Brittan Commc'ns Int' Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE, ¶ 1357 (3d ed. 2020) ("[M]atters incorporated by reference or integral to the claim [and] items appearing in the record of the case . . . may be considered by the district judge without converting the [Rule(12)(6)] motion into one for summary judgment").  If the court considers the additional material, then the court must treat the Rule 12(b)(6) motion as a motion for summary judgment under Rule 56.  FED. R. CIV. P. 12(d).

**II.     Analysis**

    **A.     The Record**

The parties dispute whether the Doyles paid the 2018 property taxes due on their home. (Docket Entry No. 12-1, ¶ 8). Nationstar attached public tax records to its motion to dismiss, arguing that the record showed that the Doyles did not pay their taxes on time. The Doyles attached to their response receipts purporting to show that they did timely pay the 2018 taxes. The first issue before the court is whether it may consider the attachments to the motion and response in ruling on the motion to dismiss, or whether the exhibits require converting the motion to dismiss to a motion for summary judgment under Rules 12(b) and 56.

District courts may consider documents the defendant submits with its motion to dismiss if they "are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins*, 224 F.3d 496 (5th Cir. 2000)). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claim, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claim." *Kaye v. Lone Star Fund v. (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). It is also "clearly proper in deciding a [Rule] 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007).

The issue of whether the Doyles paid their property taxes as the contract requires is central to the breach claim. The court may consider the deed of trust, property tax receipts, and monthly mortgage statements attached to Nationstar's motion to dismiss, (Docket Entry No. 15, Ex. 1, 2, 3), without converting to a motion for summary judgment because the second amended complaint generally refers to those documents and they are in the public record. *See Matter of Manges*, 29

F.3d 1034 (5th Cir. 1994); *see also Johnson v. CitiMortgage, Inc*., No. 3:14-CV-1794-M-BH, 2015 WL 269970 (N.D. Tex. Jan. 21, 2015) (because a complaint generally referred to and/or incorporates the documents, they may be considered part of the pleadings). The court may consider the tax receipts the Doyles attached to their reply, (Docket Entry No. 21), without converting the motion to dismiss to a motion for summary judgment because the receipts are generally referred to in the complaint and integral to the breach of contract claim. *Id*.

### B. The Breach of Contract Claim

Nationstar moves to dismiss the claim for breach of contract on the grounds that the Doyles failed to perform under the contract or to adequately plead their damages. In Texas, the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Smith Int'l, Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg & Supply Co. v. Kalama Int'l*, LLC, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). Under Texas law, if a plaintiff did not perform under the contract, the claim may proceed if the failure to perform has been excused. *Villareal v. Wells Fargo Bank N.A.*, 814 F.3d 763, 767 (5th Cir. 2016).

The Doyles assert that Nationstar breached the Escrow Waiver Agreement. The Waiver Agreement required the Doyles to make "timely and complete payments" for taxes and insurance, and warned the Doyles that "upon failure to remit same [timely and complete payments for taxes and insurance], monthly payments shall immediately be increased to include the funds for the escrow items." (Docket Entry No. 7 at 9). The Doyles assert that they "complied with all the terms of the contract." (Docket Entry No. 12-1, ¶ 8). The Doyles attach tax receipts for the relevant year, 2018, that show that they paid the taxes on time. The receipts appear to conflict

5

with the public tax records Nationstar submitted. (Docket Entry No. 21 at 10). But for the purposes of this motion, the court considers the receipts in the light most favorable to the plaintiffs. *Twombly*, 550 U.S. at 544. The Doyles have plausibly alleged that they performed under the contract.

The Doyles allege Nationstar breached the Waiver Agreement by charging payments in excess of the contracted for amount each month, assessing erroneous penalties and interest and additional miscellaneous charges that increased the amount of mortgage debt owed. (Docket Entry No. 12-1, ¶ 10). The Doyles assert that the erroneous charges resulted in inaccurate statements and credit reports.

Nationstar argues that the Doyles have failed to plead actual damages because they have not pleaded, and could not plead, facts to support their $1,000,000 actual damages figure. (Docket Entry No. 15 at 13). The Doyles contend that simply stating that actual damages exceeded $1,000,000 meets notice-pleading requirements. A conclusory allegation of a damages number untethered to any relevant plausible factual allegations does not suffice.

The Doyles also allege that they were denied credit as a result of Nationstar's breach of the Waiver Agreement. Texas law recognizes "loss of credit" damages when "damage to credit was the necessary and usual result of the defendant's actions." *Davis v. Wells Fargo Bank, N.A.*, 976 F. Supp. 2d 870, 883, *reconsideration on other grounds*, 2014 WL 585403 (S.D. Tex. Feb. 14, 2013). "To recover actual damages for loss of credit reputation, a plaintiff must show that a loan was actually denied, or a higher interest rate was changed." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 872 (Tex. App.—Dallas 2008) (citation omitted); *see also Mead v. Johnson Group, Inc.*, 615 S.W.2d 685, 688 (Tex. 1981) (recovery for loss of credit could be had in a breach of

contract action). The Doyles have alleged that as a result of Nationstar's misrepresentations and false reports showing a negative credit history, they were denied a loan to purchase a vehicle.

The Doyles have plausibly alleged a breach of contract claim, but they have alleged no damages other than for loss of credit. Nationstar's motion to dismiss the breach of contract claim is denied.

### C. TDCA Claim

Nationstar moves to dismiss the claim under the Texas Debt Collection Act, arguing that a general assertion of wrongful charges is insufficient to state a claim under the Act and that the Doyles failed to sufficiently plead damages. The Act is "designed to prevent creditors from preying upon consumer's fear and ignorance of the law to pursue allegedly delinquent debts." *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986). A plaintiff must allege that: (1) the debt at issue is a consumer debt; (2) the defendant is a "debt collector" within the meaning of the Act; (3) the defendant's action committed violated the Act; (4) the action was committed against the plaintiff; and (5) the plaintiff was injured as a result. TEX. FIN. CODE §§ 392.001 et. seq. The Doyles allege that Nationstar violated § 392.304(a)(8), which prohibits debt collectors from "misrepresenting the character, extent, or amount of a consumer debt." TEX. FIN. CODE § 392.304(a)(8). To state a claim for a violation of § 392.304(a)(8), a plaintiff must allege facts that show that the debt collector "made a misrepresentation that led them to be unaware (1) that they had a mortgage debt, (2) of the specific amount they owed, or (3) that they had defaulted." *Rucker v. Bank of Am. N.A.*, 806 F.3d 828, 832 (5th Cir. 2015). A misrepresentation requires an affirmative statement that was false or misleading. *Fields v. JP Morgan Chase Bank N.A.*, 638 F. App'x 310, 313 (5th Cir. 2016).

The Doyles have alleged that Nationstar sent monthly statements misstating the amount owed and the payment needed to avoid default and foreclosure. Monthly statements from a debt collector can support a misrepresentation under the Act. *See Gatling v. CitiMortgage, Inc.,* 2012 WL 375681 *12 (S.D. Tex. 2012). The Doyles have alleged that Nationstar sent a "balance statement" inappropriately assessing $19,281 in escrow balances, penalties, and interest, improperly increasing the amount owed under the mortgage. (Docket Entry No. 12-1, ¶ 11). Considering the facts alleged in the light most favorable to the Doyles, they have stated a claim under the Act.

Taking the allegation that the Doyles made proper payments under the loan documents as true for the purposes of this motion, Nationstar's representations of default and threat of foreclosure could be material false statements that could violate the Act. *See McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 478 (5th Cir. 2015) (stating that "foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage"). Mental anguish and attorneys' fees are recoverable damages under the Act. *Id.* at 473.

Nationstar's motion to dismiss the Doyles' claim under the Texas Debt Collection Act is denied.

### D.     The RESPA Claim

Nationstar moves to dismiss the RESPA claim, arguing that the Doyles have failed to allege actual damages. To state a claim for a RESPA violation, a plaintiff must allege actual damages resulting from the violation. *Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993, 1017 (N.D. Tex. 2013).

The Doyles have failed to allege the recoverable damages they seek. They allege in pleading a RESPA violation that "plaintiff has suffered actual damages, additional damages not to exceed $2,000 (if a pattern or practice of servicer noncompliance exists), and attorneys' fees and costs." (Docket Entry No. 12-1, ¶ 4). This conclusory recitation of damages, fees, and costs under RESPA is not enough to state a claim. *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (to withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quoting *Twombly*, 550 U.S. at 555); *Whittier v. Ocwen Loan Servicing*, *L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014) ("any attorney's fees incurred by plaintiffs are insufficient to meet the requirement that they suffered actual damages as a result of defendant's alleged RESPA violations.").

The RESPA claim is dismissed. The Doyles have already amended twice in an attempt to try to cure their insufficient pleading of the RESPA claim. Because further leave to amend would be futile, *Brewster v. Dretke,* 587 F.3d 764, 768 (5th Cir. 2009), the RESPA claim is dismissed with prejudice.

**E.    Remand**

This court's removal jurisdiction is based on the RESPA claim, the only federal claim. That claim has been dismissed, with prejudice. Because the parties are not diverse, the remaining question is whether this court should continue to exercise federal jurisdiction over the remaining state-law claims.

When a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to continue to exercise jurisdiction under 28 U.S.C. § 1367(c) over state-law claims. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006). In the Fifth Circuit, "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims

when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). District courts "look to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011). "The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances for declining jurisdiction." *Id*. (citing 28 U.S.C. § 1367(c)).

The first factor favors exercising jurisdiction in this case. The state-law claims are neither novel nor complex. Instead, they are familiar breach of contract and statutory claims. The second and third factors favor declining jurisdiction. Because no federal claims remain, "the Texas state law claims predominate over the non-existent federal claims." *Id*. The fourth factor and the balance of the common-law and statutory factors favor declining jurisdiction.

Judicial economy does not support continued federal jurisdiction. At this time, "hardly any federal judicial resources, let alone a significant amount of resources, have been devoted to the district court's consideration of the Texas state law claims (or to any claims)." *Id*. This case was removed in October 2020, less than a year ago. To the extent the parties have already briefed the legal questions surrounding the state-law claims, those briefs will be equally useful in the state court. No written discovery has occurred and no depositions have been taken. Duplicate lawyering work would not be required. This case can be tried in the Harris County District Court as easily as in this court. *See id*. at 160. It is fair to have the Texas state-law claims heard in Texas state court, and there is nothing to indicate that either party would be prejudiced by remand. *Id*. Comity favors remand as well. *Id*.

All of the relevant factors, save for one statutory factor, favor declining jurisdiction. This court follows the general rule and declines to exercise continued jurisdiction over the remaining state-law claims. *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.,* 554 F.3d 595 (5th Cir. 2009). This case is remanded.

### III.     Conclusion

For the reasons stated above, Nationstar's motion to dismiss, (Docket Entry No. 15), is granted, with prejudice as to the RESPA claim. The remaining state-law claims, and this action, are remanded to the 334th Judicial District Court of Harris County, Texas.

SIGNED on June 16, 2021, at Houston, Texas.

_____

Lee H. Rosenthal
Chief United States District Judge